UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UTTAM CHHETRI, ET AL                    CIVIL ACTION NO. 09-cv-0460

VERSUS                                  JUDGE HICKS

WAL-MART STORES, INC.,                  MAGISTRATE JUDGE HORNSBY
ET AL

**MEMORANDUM ORDER**

Mr. and Mrs. Chhetri filed suit in state court against Wal-Mart Stores, Inc. and Stacy Manor (a Wal-Mart pharmacist) based on allegations that Stacy Manor incorrectly filled one of Mr. Chhetri's prescriptions. Mr. Chhetri alleges that this caused a seizure episode and other health problems.

Wal-Mart removed the case based on an assertion of diversity jurisdiction. They asserted that Manor's Louisiana citizenship should be disregarded (for purposes of the forum defendant rule) because she was improperly joined. The Chhetris filed a Motion to Remand. Wal-Mart's memorandum in opposition was supported by an affidavit from Manor in which she testified that she did not fill the prescription and had "no responsibility whatsoever" for it despite the fact the label on the bottle contained Manor's name and initials.

The court earlier allowed Wal-Mart to serve written discovery requests to the Chhetris, directed to determining their citizenship. The Chhetris have now filed their own Motion for Leave to Conduct Discovery. Doc. 20. The Chhetris ask that they be allowed to conduct depositions of Wal-Mart employees Stacy Manor, Jennifer Dupree, and

Kelly Wilkshire/Welcher. The Chhetris also ask leave to subpoena or otherwise discover time cards, personnel records, and other documents related to the prescription and Wal-Mart's guidelines, practices, and procedures regarding prescriptions.

Wal-Mart objects that the request is untimely, as it is outside the briefing period for the Motion to Remand to which it relates. Counsel for the Chhetris are advised to strictly adhere to the scheduled deadlines for briefing and otherwise, as extensions or forgiveness cannot be taken for granted. The court will consider the untimely motion in this instance, however, because there is already a delay associated with the Motion to Remand because of Wal-Mart's discovery.

Wal-Mart also objects to the scope of the requested discovery. It argues that the relevant discovery can be conducted through written discovery without the need to take depositions. In the alternative, Wal-Mart asks that any depositions be limited in time and scope.

A court may permit discovery relevant to an improper joinder issue, but such discovery "should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity." Guillory v. PPG Industries, Inc., 434 F.3d 303, 311 (5th Cir. 2005). Wal-Mart does not contest the necessity of the discovery, and the court finds that permitting the Chhetris some discovery on this issue is a fair response to Wal-Mart's submission of affidavits on the issue. The Chhetris will be permitted to serve interrogatories or requests for production that are tailored to discovering Manor's role in

connection with the prescription or any related legal responsibility. Any interrogatories served in connection with this matter will count against the 25 interrogatory limit imposed by Fed. R. Civ. Proc. 33(a)(1). The Chhetris are also granted leave to depose Stacy Manor, Jennifer Dupree, and Kelly Welcher, but questions at the depositions must be limited to an exploration of Manor's role in connection with filling the prescription or whether Manor might otherwise bear any responsibility in connection with the prescription. The Chhetris' direct examination of the deponents may not exceed one hour for each deponent.

The Chhetris ask for leave to file a reply memorandum 30 days after discovery is completed. A decision as to the proper forum for this case should be made promptly. Plaintiffs are directed to serve their written discovery within seven business days of the entry of this order, and both counsel should immediately begin to confer to schedule the permitted depositions at the earliest reasonable time. The Chhetris may file a reply memorandum by **August 3, 2009**.

Wal-Mart may file, also by **August 3, 2009**, a supplemental memorandum in opposition to the Motion to Remand. Wal-Mart may include in its supplemental memorandum argument related to its discovery of the Chhetris' citizenship as well as argument related to the discovery conducted by the Chhetris. Wal-Mart is granted **leave in advance** to file the supplemental memorandum. Counsel should mention this leave and refer to this order in the opening of the brief to reduce the chance the clerk of court will issue a deficiency notice.

The Chhetris' **Motion for Leave to Conduct Discovery (Doc. 20)** is **granted in part** and **denied in part** as set forth above. The Chhetris' unopposed **Motion for Extension of Time to Complete Discovery (Doc. 19)** is **granted**: The Chhetris will be permitted until **June 21, 2009** to respond to Wal-Mart's written discovery request.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of May, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE