UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UTTAM AND SHANTA CHHETRI | CIVIL ACTION NO. 5:09-CV-0460 |
| VERSUS | JUDGE HICKS |
| WAL-MART STORES, INC. STACY A. MANOR, ET AL. | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Plaintiffs Uttam and Shanta Chhetri (collectively, "the Chhetris" or "Plaintiffs") filed a petition in the 26th Judicial District Court, Bossier Parish, Louisiana, alleging that Wal-Mart pharmacy employees gave Mr. Chhetri the wrong medication in a mislabeled pill bottle, and that the improper medication caused Chhetri to have a stroke. The Chhetris named as defendants Wal-Mart Stores, Inc., Wal-Mart Louisiana, LLC , Stacy A. Manor ("Manor") (the Wal-Mart pharmacist whose name was on the label of the pill bottle), and unidentified Wal-Mart "pharmacy technicians, pharmacists, or assistant employees of Wal-Mart" whose negligence contributed to the mislabeled pill bottle ("fictitious defendants").

On March 23, 2009, Wal-Mart and Manor removed the case to this court on the basis of diversity jurisdiction [Doc. 1]. On April 21, 2009, the Chhetris filed the Motion to Remand [Doc. 10] that is now before this court. The Chhetris argue that (1) the Notice of

Removal was untimely, (2) the Court lacks subject matter jurisdiction, and (3) the removal was improper under the forum-defendant rule because defendant Manor is a citizen of Louisiana. For the reasons that follow, it is recommended that the Motion to Remand be granted.

**Timeliness of Removal**

The Chhetris argue that Wal-Mart and Manor's Notice of Removal was untimely filed under 28 U.S.C. § 1446(b) because it was not filed within 30 days of service of the Chhetris' initial petition [Doc. 10, p.2]. Section 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." This 30-day period begins when the first defendant who could remove the case is served. Getty Oil Corp. v. Ins. Co. of North American, 841 F.2d 1254, 1263 (5th Cir. 1988).

Wal-Mart and Manor acknowledge that Manor was served on February 19, 2009 and Wal-Mart was served on February 20, 2009 [Doc. 13, p.2]. Thirty days from February 19, 2009 was Saturday, March 21, 2009. Wal-Mart and Manor filed their Notice of Removal on Monday, March 23, 2009 [Doc. 1].

Because the last day of the 30-day period fell on March 21, 2009 – a Saturday – the last day the Notice of Removal could be timely filed was Monday, March 23, 2009. Fed. R. Civ. P. 6(a)(3). Wal-Mart and Manor filed the Notice of Removal on that day, so their removal was timely.

**Subject Matter Jurisdiction**

The Chhetris also contend that the court lacks diversity jurisdiction because Manor, a citizen of Louisiana, is named as a defendant. That argument has no merit. District courts have original jurisdiction over civil actions when the amount in controversy exceeds $75,000 and the dispute is between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. 1332(a)(2). The Chhetris admit they are citizens of Nepal [Doc. 33, Exhibit A-2]. Defendants assert that Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Arkansas [Doc. 13, p.4]. Defendants also trace the membership in Wal-Mart Louisiana, LLC down to its bottom layer, Wal-Mart Stores East, Inc., which is said to be a Delaware corporation with its principal place of business in Arkansas. Id. Thus, Manor's Louisiana citizenship does not destroy diversity. Because the parties are diverse and the amount in controversy exceeds $75,000, this court has subject matter jurisdiction.

**The Forum Defendant Rule**

    A. Introduction

The Chhetris next argue[1] that removal was improper under the forum defendant rule

---

[1] Violation of the forum-defendant rule found in 28 U.S.C. § 1441(b) is a procedural defect that is waived if not raised by a motion to remand filed within 30 days of the removal. In re Shell Oil Co., 932 F.2d 1518 (5th Cir.1991). Plaintiffs filed a timely motion to remand. They did not cite Section 1441(b) specifically, and they focused more on the alleged lack of diversity, but they at least suggested in an imprecise way that they asserted the forum-

of 28 U.S.C. § 1441(b), because Manor and one of the fictious defendants are citizens of Louisiana [Doc. 35, pp. 2-3]. The "forum defendant rule" is contained in the second sentence of 28 U.S.C. § 1441(b), which states:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

**B. The Unknown, Unserved "Fictitious" Defendants**

When a district court's subject matter jurisdiction is based on diversity, the action is removable "only if none of the parties in interest properly <u>joined and served as defendants</u> is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).

Some unknown potential defendants were described in the Chhetris' petition as "Wal-Mart Employees, unidentified pharmacy technicians, pharmacists, or assistant employees . . . whose negligent errors and/or omissions contributed" to the mislabeled prescription [Doc. 1, Attachment 1, p.1]. In the post-removal depositions and briefs, these

---

defendant rule. They more specifically addressed the forum-defendant rule in their reply memorandum, but it was filed after the 30-day deadline. The Fifth Circuit has held that it is adequate to avoid waiver if the motion to remand adverts to and discusses the substantive concept of the procedural defect at issue, even if the statutory basis is not cited or quoted in the motion. <u>Patin v. Allied Signal, Inc</u>., 77 F.3d 782, 786 (5th Cir. 1996). Defendants have not argued that the defect was waived. The court finds that Plaintiffs' motion was adequate to avoid waiver.

persons are identified as Jennifer A. Dupree ("Dupree") (another pharmacist on duty the day the prescription was filled) and Kelly Welcher ("Welcher") (the pharmacy technician on duty the day the prescription was filled) [Doc. 13, pp. 8-9]. The Chhetris allege, and Wal-Mart does not dispute, that Dupree is domiciled in Louisiana [Doc. 35, p.8].[2] However, neither Dupree nor Welcher had been named as a defendant or served at the time of removal. Their citizenship, therefore, is not considered under the forum defendant rule.[3]

**C. Improper Joinder of Manor**

The remaining issue is whether Manor was improperly joined as a defendant. If so, then the forum defendant rule in 28 U.S.C. § 1441(b) will not apply, and removal was proper.

The improper joinder doctrine constitutes a narrow exception to the rules of removal for diversity jurisdiction, and the party claiming improper joinder bears a heavy burden of persuasion. Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). "To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either:

---

[2] The Chhetris offer the affidavit of Rick Turner, a private investigator, as evidence that Dupree is domiciled in Louisiana [Doc. 35, Exhibit 12]. Wal-Mart and Manor object to consideration of this affidavit [Doc. 38, ¶¶ 18-20]. However, they do not dispute Dupree's domicile, and, given the undersigned's conclusion, the Court need not reach this issue.

[3] Wal-Mart and Manor argue that citizenship of all fictitious defendants should be ignored in removal and remand proceedings, relying on 28 U.S.C. § 1441(a), which states that "[f]or purposes of removal . . . citizenship of defendants sued under fictitious names shall be disregarded." The case law surrounding this provision's application in remand proceedings, however, shows that in certain circumstances, citizenship of later-identified fictitious defendants may be considered despite § 1441(a). See, e.g., Marshall v. CSX Transp. Co., Inc., 916 F.Supp. 1150 (M.D. Ala. 1995); Lacy v. ABC Ins. Co., No. 95-3122, 1995 WL 688786 (E.D.La., Nov. 17, 1995). Given the court's conclusion that citizenship of the fictitious defendants here is not considered under 28 U.S.C. § 1441(b) because they were not served, however, the court need not reach this argument.

'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007) (citing Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006)). Under the second prong, the court must determine whether there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Gasch, 491 F.3d at 281 (citing Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004)(en banc)). All contested factual issues and ambiguities of state law are resolved in favor of the plaintiff. Gasch, 491 F.3d at 281.

When determining whether there is a reasonable basis to predict the plaintiff might recover against the forum defendant, a court first looks to the allegations of the complaint to determine whether it states a claim against the in-state defendant. Smallwood, 385 F.3d at 573. In cases in which the defendant argues the plaintiff has "misstated or omitted discrete facts" that would preclude recovery against the in-state defendant, "the court may, in its discretion, pierce the pleadings and conduct a summary inquiry." In these cases, the court may consider summary judgment-type evidence, including affidavits and deposition transcripts. Willis v. Fugro Chance, Inc., 278 Fed.Appx. 443 (5th Cir. 2008); Guillory v. PPG Industries, Inc., 434 F.3d 303, 311 (5th Cir. 2005). According to the Fifth Circuit:

> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of **discrete and undisputed facts** that would preclude plaintiff's recovery against the in-state defendant. ... We

> emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

Smallwood, 385 F.3d at 573-74 (emphasis added; internal footnote omitted). Smallwood provided examples of the type of inquiry appropriate under a pierce-the-pleadings inquiry: "For example, the in-state doctor defendant did not treat the plaintiff, **the in-state pharmacist defendant did not fill a prescription for the plaintiff patient**, a party's residence was not as alleged, or any other fact that can easily be disproved if not true." Id. 385 F.3d at 574 n. 12, citing Travis v. Irby, 326 F.3d 644, 648-49 (5th Cir.2003) (Bold added.).

In their petition, Plaintiffs allege that Mr. Chhetri was injured as a result of Manor's negligence in placing or failing to prevent the placement of the wrong medication in Mr. Chhetri's prescription bottle [Doc. 1, Attachment 1, ¶¶ 5, 8, 14]. The petition alleges that the prescriptions were "filled by or under the supervision of" Manor [Doc. 1, Attachment 1, ¶ 8]. Thus, the Plaintiffs' allegations easily provide a reasonable basis to predict that the Chhetris might be able to recover against Manor because Louisiana law imposes a duty on pharmacists to fill prescriptions correctly and holds them to a high

standard of care. E.g., Guillory v. Dr. X, 96-85, p.10 (La. App. 3 Cir. 8/28/96); 679 So.2d 1004, 1010; Cazes v. Raisinger, 430 So.2d 104, 107 (La. App. 5 Cir. 1983).

However, Wal-Mart asked the court to "pierce the pleadings" and consider evidence that Manor in fact did not fill or supervise the filling of Mr. Chhetri's prescription. Consistent with the instructions provided in Smallwood, the court then allowed Plaintiffs to conduct limited discovery regarding Manor's role in filling the prescription. Doc. 23. Specifically, the court allowed Plaintiffs to propound interrogatories and take three depositions (Stacy Manor, Jennifer Dupree, and Kelly Welcher) limited to one hour each. The court denied Plaintiffs' later request to take additional depositions. Doc. 32.

In their Supplemental Memorandum, Wal-Mart and Manor offer evidence tending to show that Jennifer Dupree performed the data entry check, adverse drug interaction check, and visual verification for this prescription, and Kelly Welcher actually placed the pills in the bottle. This evidence consists of computer records [Doc. 13-2, p.3; Doc. 35, Exhibit F] and the depositions[4] of Manor [Doc. 33, Exhibit B], Dupree [Doc. 33, Exhibit C], and Welcher [Doc. 33, Exhibit D], detailing the Wal-Mart pharmacy and prescription labeling procedures.

---

[4] Wal-Mart and Manor also offer affidavits by Manor and Dupree [Doc. 13, Exhibits 1 and 2]. The Chhetris object to Manor's affidavit because her averment that she had no responsibility for Mr. Chhetri's prescription [Doc. 13, Exhibit 1, ¶ 4] contradicts her deposition testimony in which she states she has no independent recollection of whether she was responsible for it [Doc. 38, Exhibit B, p.45]. Manor's deposition testimony does not directly contradict the affidavit, but clarifies her belief she had no responsibility for Mr. Chhetri's prescription. To the extent the conclusory affidavit statement does contradict the sworn deposition testimony, the court sustains the objection and considers the deposition testimony only. See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489 (5th Cir. 1996).

Neither Manor, Dupree, nor Welcher has any independent recollection of who actually performed any of the supervisory or technical responsibilities in filling Mr. Chhetri's prescription [Doc. 38, Exhibit B (Manor Deposition), p. 45; Exhibit C (Dupree Deposition), p. 41; Exhibit D (Welcher Deposition), pp. 12-13].

If Wal-Mart is correct and Manor did not fill Mr. Chhetris' prescription, then why was Manor's name on the prescription bottle? Wal-Mart explains that the label for each prescription pill bottle is printed *before* the pharmacist has visually verified the prescription, and the computer prints on the label the name and initials of the pharmacist who visually verified the *previous* prescription. According to Wal-Mart, its computer system assumes that the pharmacist who visually verified the previous prescription will verify the current one (even if the prior prescription was for a different patient). Doc. 13, p. 8. Thus, the Wal-Mart pharmacist identified on the label is not necessarily the pharmacist who filled that prescription. Id. Doc. 33, p. 6.

The evidence submitted by Wal-Mart is not sufficient to meet its heavy burden that Manor was improperly joined. Louisiana law[5] requires that the name of the pharmacist actually and personally responsible for the prescription be printed on the label.[6] There is no

---

[5] La. R.S. 37:1225 provides that "[a]ll receptacles containing compounded or filled prescriptions shall bear a label showing the . . . initials of the pharmacist actually and personally responsible for drug regimen review, filling, compounding or dispensing the prescription . . . ."

[6] The Chhetris also offer evidence showing that it is industry practice in Louisiana for pharmacies to print the responsible pharmacist's name on prescription labels. This evidence includes a letter from Carlos M. Finalet, III, General Counsel for the Louisiana Board of Pharmacy [Doc. 35, Exhibit 2], the affidavit of Ed Thomason, R. Ph. [Doc. 35, Exhibit 3], the affidavit of James K.

real dispute that Manor's name was printed on the label. See Doc. 35, Ex. 1. The Chhetris also point out alleged inconsistencies in the evidence offered by Wal-Mart and Manor characterizing Wal-Mart's pharmacy procedures and prescription labeling system [Doc. 35, p. 14, fn. 7].

At best, Wal-Mart and Manor show the court that Manor's involvement in filling the prescription is an issue of contested fact, which must be resolved in favor of the Chhetris for purposes of this decision. Furthermore, had Wal-Mart printed the name of the pharmacist who Wal-Mart contends filled Mr. Chhetris' prescription, then Plaintiffs surely would have sued that pharmacist instead of Manor. That pharmacist defendant would be (like Manor) a Louisiana citizen and trigger the forum-defendant rule's ban on removal. Plaintiffs' choice of forum should not be defeated because Wal-Mart's computer system allegedly put the wrong name on the label[7] in apparent violation of state law and gave rise to confusion over which pharmacist actually filled the prescription.

**Conclusion**

The trier of fact may ultimately conclude that Manor had no involvement in and/or no

---

Kilgore, R. Ph. [Doc. 35, Exhibit 4], and the affidavit of Tanya Trotter [Doc. 35, Exhibit 5]. Wal-Mart and Manor object to consideration of this evidence [Doc. 38]. The Court need not reach this evidence, however, because Louisiana law requires that the responsible pharmacist's name be printed on prescription labels, and Wal-Mart and Manor have offered no evidence showing that it is industry practice for pharmacies to disobey this law.

[7] At the time of filing of the lawsuit, only Wal-Mart could identify the fictitious defendants as Dupree and Welcher. The Chhetris allege, and Wal-Mart does not dispute, that at least Dupree is domiciled in Louisiana, which would make her a forum defendant [Doc. 35, p.8]. Wal-Mart and Manor acknowledge that the Chhetris may have claims against Dupree and Welcher [Doc. 13, p.9].

responsibility for the filling of Mr. Chhetri's prescription, but that decision cannot be made with certainty on the record now before this court. To inquire further into this disputed issue of fact at this stage of the proceeding, would move the court beyond an analysis of jurisdiction and require a trial to resolve the disputed issues. Smallwood prohibits that. See also Daniels v. Tauren Exploration, Inc., 2009 WL 3188463 (W.D. La. 2009) (exercising discretion to not pierce pleadings in a case where the evidence was contested and went to the heart of the merits of most claims in the case).

Accordingly;

IT IS RECOMMENDED that Plaintiffs' Motion to Remand [Doc. 10] be **granted** and the case be **remanded** to the 26th Judicial District Court, Bossier Parish, Louisiana.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED.R.CIV.P. 72(b), parties aggrieved by this recommendation have 10 business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under FED.R.CIV.P. 6(b). A party may respond to another party's objections within 10 days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

SHREVEPORT, LOUISIANA, this 5th day of November, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE