UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UTTAM and SHANTA CHHETRI | CIVIL ACTION NO. 09-460 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WAL-MART STORES, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

### JUDGMENT

Before this Court is a Motion to Remand [Record Document 10] filed on behalf of the Plaintiffs, Uttam and Shanta Chhetri. In their motion, the Chhetri's argue (1) that the Notice of Removal was untimely, (2) that the Court lacks subject matter jurisdiction, and (3) that the removal was improper under the forum-defendant rule because defendant Stacy Manor is a citizen of Louisiana. After reviewing the parties' motions and allowing the parties to conduct limited discovery, the Magistrate Judge issued a report [Record Document 45] recommending the motion to remand be granted. Magistrate Judge Hornsby concluded that the Defendants' Notice of Removal was timely filed, that diversity jurisdiction exists under 28 U.S.C. § 1332, and that, because Manor is a Louisiana citizen and there is a reasonable basis to predict that she may be liable to Plaintiffs, removal was improper under the forum-defendant rule. See id. Defendants object to the Magistrate Judge's Report and Recommendation ("R&R") arguing the Magistrate Judge failed to apply the correct legal principles regarding improper joinder of resident defendants. See Record Document 46. More specifically, Defendants argue that the Magistrate Judge ignored indisputable evidence showing Manor was not involved in the filling of the prescription at issue and therefore cannot be liable to Plaintiffs. Id.

Title 28 of the United States Code, Section 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable *only if none of the parties in interest **properly** joined and served as defendants is a citizen of the State in which such action is brought*.

21 U.S.C. § 1441(b) (emphasis added).

Diversity jurisdiction was designed to protect out-of-state defendants from possible prejudices in state court, but the forum-defendant rule exists because those concerns are obviated in cases where the defendant is a citizen of the state in which the case is brought. See Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 553, 125 S.Ct. 2611, 2617, 162 L.Ed.2d 502 (2005).  The "properly joined and served" provision of § 1441(b) prevents a plaintiff from joining a resident defendant against whom the plaintiff knows it cannot successfully proceed in order to defeat subject matter jurisdiction.

To demonstrate "improper joinder," the removing defendants must show (1) actual fraud in the pleading of jurisdictional facts, or (2) that the plaintiff is unable to establish a cause of action against the nondiverse defendant. Campbell v. Stone Ins., 509 F.3d 665, 669 (5th Cir. 2007).  Under the second prong, "the court must determine whether 'there is arguably a reasonable basis for predicting that state law might impose liability.'" Id. (quoting Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003)).  The burden of establishing improper joinder rests on the removing defendants, and the Fifth Circuit has emphasized that this burden is a "heavy one." McDonal v. Abbott Laboratories, 408 F.3d

177, 183 (5th Cir. 2005) (quoting Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999)).

At issue in this case is whether Defendant Manor can be held liable to Plaintiffs under Louisiana state law for the allegedly negligent act of placing the wrong medication in Mr. Chhetri's prescription bottle. See Record Document 1. Louisiana law imposes a duty upon pharmacists to label and fill a prescription correctly. See La. R.S. 37:1225; Wilson v. Professional Plaza Pharmacy, Inc., 903 So.2d 651, 656 (La.App. 5 Cir. 2005); Gassen v. East Jefferson General Hosp., 628 So.2d 256, 258 (La.App. 5 Cir. 1993) (citing Hayes v. Travelers Ins. Co., 609 So.2d 1084 (La.App. 2 Cir. 1992), writ denied, 613 So.2d 975 (La. 1993)); Cazes v. Raisinger, 430 So.2d 104 (La.App. 5 Cir. 1983); Davis v. Katz & Besthoff, Inc., 333 So.2d 698 (La.App. 4 Cir. 1976); Marigny v. Dejoie, 172 So. 808 (La.App. 1937).

Defendants contend the uncontradicted evidence shows Defendant Manor did not fill the prescription at issue and thus cannot be liable to Plaintiffs for her involvement (or lack thereof) in filling the prescription. However, the Court agrees with Plaintiffs and the Magistrate Judge that there is an issue of fact as to whether Defendant Manor was in fact involved with the filling of the prescription, an issue which cannot (and should not) be resolved at this time. See e.g., Daniels v. Tauren Exploration, Inc., 2009 WL 3188463 (W.D.La. Oct. 2, 2009). Defendants presented affidavits setting forth the Wal-Mart procedure for filling prescriptions and explaining that Defendant Manor's name was printed on the prescription bottle even though she was off-duty when the last steps in filling the prescription were completed. Defendants also point to computer records indicating that each step in the prescription-filling process was performed by pharmacy technician Kelly

Welcher and pharmacist Jennifer Dupree. See Record Documents 33, 46, 50. However, Defendants ignore Manor's deposition testimony wherein she testified, contrary to her affidavit, that she was uncertain about whether she was involved in filling the prescription at issue. See Record Document 47 and Manor Dep., p.56-57. Furthermore, the Court recognizes that Louisiana Revised Statute 37:1225 requires that all prescription labels bear "the initials of the pharmacist *actually and personally responsible* for drug regimen review, filling, compounding or dispensing the prescription." (Emphasis added).

Accordingly, having thoroughly reviewed the record, including the evidence submitted by the parties and the written objections filed by Defendants, and concurring with the findings of the Magistrate Judge under the applicable law,

**IT IS ORDERED** that Plaintiffs' Motion to Remand [Record Document 10] be and is hereby **GRANTED**, and that this case be and is hereby **remanded** to the 26th Judicial District Court, Bossier Parish, Louisiana.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 17th day of March, 2010.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE